IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamaal A. Gittens, | ) | C/A No.: 3:15-719-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Judge John R. Rakowsky, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jamaal A. Gittens ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action, which the court construes as brought pursuant to 42 U.S.C. § 1983,[1] alleging a violation of his constitutional rights by Lexington, South Carolina, Municipal Judge John R. Rakowsky ("Defendant"). [ECF Nos. 1 at 6–7, 1-1 at 3]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges that he received a speeding ticket on July 23, 2014, in Lexington, South Carolina. [ECF Nos. 1 at 3; 1-1 at 3]. Plaintiff claims that he wrote the Lexington

---

[1] Although Plaintiff's complaint states that he is bringing this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, [ECF No. 1 at 6], the complaint fails to allege a claim against the United States, which is the only proper defendant in a FTCA claim. See 28 U.S.C. 1346(b)(1).

municipal court on July 26, 2014, challenging subject matter jurisdiction. *Id.* Plaintiff states that Attorney Clifford Koon responded to his letter and informed him that South Carolina Code § 56-56150 gave the court jurisdiction over traffic matters. *Id.* Plaintiff alleges that he responded to Koon's letter, arguing that the cited South Carolina code section only pertains to criminal matters and does not contain an enacting clause. *Id.*

Plaintiff states that he received a letter from the South Carolina Department of Motor Vehicles on September 27, 2014, informing him that he had accumulated points on his license for speeding. *Id.* Plaintiff claims that he called the clerk's office in Lexington, South Carolina, to schedule an appeal, but was told that the time to file an appeal had expired. *Id.* Plaintiff alleges that Defendant had Plaintiff's license suspended in North Carolina and states that he "refuse[s] to pay what [Defendant] is requesting." *Id.* Plaintiff argues that Defendant ruled on a traffic matter when the court lacked subject matter jurisdiction, and he contends that this void judgment caused him financial difficulties and a loss of a professional career in the trucking industry. *Id.* at 3, 6. Plaintiff seeks monetary damages. *Id.* at 5.

II.     Discussion

   A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff's complaint seeks monetary damages for an alleged wrongful conviction for speeding. [ECF Nos. 1; 1-1 at 3]. Such a claim, however, is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for a conviction in violation of the Constitution, the

3

conviction must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87.

In addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Plaintiff fails to demonstrate or allege that he has secured a court order invalidating his South Carolina speeding conviction. Plaintiff admits that he missed the deadline to file an appeal. [ECF No. 1 at 3]. Accordingly, the undersigned recommends that this complaint be summarily dismissed. *See Austin v. City of Tuskegee, Ala.,* 335 F. App'x 856, 856–57 (11th Cir. 2009) (finding that a § 1983 action predicated on plaintiff's "allegedly illegitimate traffic stop and conviction for driving 55 mph in a 45 mph zone" was barred by *Heck*, because a judgment in plaintiff's favor "would necessarily imply the invalidity of his conviction for speeding"); *Dauven v. Oregon,* 44 F. App'x 255, 256 (9th Cir. 2002) (finding that to the extent that § 1983 claims arising from a traffic citation and

4

subsequent state court proceedings would effectively require reversal of the judgment of the state court, the claims were barred by *Heck*).[2]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 27, 2015                             Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The undersigned notes that Defendant may also be entitled to judicial immunity. Although Plaintiff alleges Defendant acted outside of his subject matter jurisdiction, it does not appear that Defendant acted in "clear absence of all jurisdiction," as is required to show an exception to judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 357, (1978).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).