IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jamaal A. Gittens, | ) | Civil Action No.: 3:15-719-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Judge John R. Rakowsky, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 19, 2015, Plaintiff Jamaal A. Gittens, ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* filed this action, construed as pursuant to 42 U.S.C. § 1983, seeking money damages against Defendant, a municipal judge in Lexington County, SC, who entered a judgment and conviction against Plaintiff for speeding. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for review. On February 27, 2015, the Magistrate Judge prepared a Report and Recommendation, (ECF No. 10), ("the Report"), which recommends that this action be dismissed without prejudice and without issuance and service of process, as Plaintiff's Complaint fails to set out a plausible claim for which relief can be granted. Objections to the Report were due by March 16, 2015. Although Plaintiff filed two separate "Objections" to the Report, (ECF Nos. 12 and 13), neither filing sets out in a coherent way specific objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Plaintiff's responses to the Report or "Objections." The Court has undertaken a *de novo* review, even though Plaintiff's responsive filings do not advance specific objections to the Magistrate Judge's Report. Instead, Plaintiff's "Objections" amount to restatements of his claim of perceived unfair treatment at the hands of Defendant, the municipal judge who presided over Plaintiff's speeding violation case. (ECF Nos. 12 and 13). At one point, Plaintiff even acknowledges that he failed to provide adequate evidence to support his lawsuit, (ECF No. 13 at p.2), and attaches five pages of additional "supporting documents" for the Court's review. (ECF No. 13-1). Ultimately, none of Plaintiff's arguments or supplemental documents meaningfully address the Magistrate Judge's central determination that Plaintiff's allegations fail to set out a plausible claim for money damages.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 10). Accordingly, this action is hereby **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                                               <u>s/Mary G. Lewis</u>
                                                               United States District Judge

Columbia, South Carolina
March 16, 2015